(Reap. Dec. 10465)

PERELINE MANUFACTURING COMPANY *v.* UNITED STATES

Entry No. 808368.

(Decided March 12, 1963)

Plaintiff not represented by counsel.

*John W. Douglas*, Acting Assistant Attorney General (*Morris Braverman* and *Samuel D. Spector*, trial attorneys), for the defendant.

WILSON, Judge: The merchandise in the case at bar consists of certain household articles, exported from Germany and entered at the port of New York. Plaintiff herein, appealing for reappraisement, claims that the proper dutiable values for the items of merchandise under consideration are lower than those at which the said merchandise was appraised.

At a hearing of the case, the sole owner of the plaintiff company attempted to establish that the prices at which the merchandise was entered represented the proper value of the goods. In support of this contention, plaintiff's witness offered as evidence a certain pricelist (plaintiff's exhibit 1 for identification), allegedly received by the

importer from the shipper, which list set forth prices for certain items of merchandise herein involved. The information contained on said list was, however, unsupported by any documentary or testamentary proof in support of the claimed prices. Plaintiff was thereupon given an opportunity to obtain from the shipper affidavits which might tend to establish the proper values for the involved goods.

At a subsequent hearing of the case, there was no appearance on the part of the plaintiff and the case was, accordingly, submitted on the record by the court.

The plaintiff herein, as the appealing party, not only has the burden of establishing that the appraiser's finding of value was incorrect, but also must show by positive proof that its claimed values represent the proper dutiable values for the involved merchandise. In my opinion, there is nothing in the record to warrant a finding that the appraised values were erroneous, or that any other value represented the properly dutiable value of the merchandise, and I so find. However, in view of the plaintiff's failure to prosecute its cause of action, the appeal herein is, accordingly, dismissed for lack of prosecution.

Judgment will be rendered accordingly.